the other cases, that you may receive the declaration of a deceased person as showing, not only something adverse to his interest, but all incidental facts contained in that declaration, so far as they are not foreign to it, it follows as a consequence that those collateral facts may be proved by the declaration, and that principle applies to the case before us." In the later case of Sly v. Sly & Dredge, 1 P. D. 91, decided in 1877, it was held that: "Declarations of a deceased person who has been in possession of property claiming a limited interest therein under a particular will, are admissible to prove the fact that such will had a legal existence, and also that certain persons were named as executors therein." And in delivering the opinion of the court, Hannon, Prest., says: "The statement that he took the life interest under a particular will seems one equally admissible, for it is a further limitation of his interest." In Dooley v. Baynes, 86 Va. 644, 10 S. E. Rep. 974, which was an action of ejectment by the heirs of a wife claiming against the grantees of her husband, declarations of the latter, he being dead, that he only had a life-estate, and that the land came to him through her father, were held admissible. See, also, Lassone v. Boston & L. R. R. Co. (Vt.), 24 Atl. Rep. 902, 46 Albany Law Journal, 273; McLeod v. Swain, 87 Ga. 156, and authorities there cited. We think it apparent, without further discussion, that the court erred in rejecting the evidence above mentioned.

<em>Judgment reversed on both bills of exceptions.</em>

FLETCHER v. THE STATE.

On a trial for arson, the court charged as follows: "If it appeared to you that the house was feloniously burned; if it further appeared to you that the house was burned in the early morning, and that, on the following night, in the immediate vicinity of such a house, the prisoner was found in possession of goods that

were shown to have been in the house on the night immediately preceding the burning of the house; and if he failed to explain in what manner he became possessed of those goods, then you would be authorized, if that evidence was satisfactory to your mind, to find the defendant guilty of arson, the sufficiency and satisfactoriness of the testimony being a question entirely for you." This was error, although the court elsewhere instructed the jury as follows: "In order to arrive at a correct knowledge of this case, as before stated to you, you must look to the testimony, the entire testimony, and the statement of the prisoner."

March 26, 1892.  Argued at the last term.      *Judgment reversed.*

Before Judge Fort.  Sumter superior court.  May term, 1891.

For a former report of this case see 85 *Ga.* 666.  See also a later report among the cases of the October term, 1892, in this volume.

L. J. BLALOCK, for plaintiff in error.

W. A. LITTLE, attorney-general, by J. H. LUMPKIN, and C. B. HUDSON, solicitor-general, *contra.*

---

DUNBAR & CO. *v.* THE CITY COUNCIL OF AUGUSTA.

1. It not being alleged in the declaration that the damaged grain condemned and destroyed by the municipal authorities of Augusta was not a nuisance or was not dangerous to the public health, that being the ground on which it was condemned and destroyed, no cause of action against the municipality was set out in the declaration.
2. The constitutional provision requiring compensation to be made for property taken or damaged for public purposes, does not apply to property rightly condemned and destroyed as a public nuisance because dangerous to health.

May 25, 1892.

Nuisance.  Municipal corporation.  Police power. Before Judge RONEY.  Richmond superior court.  October term, 1891.

WILLIAM K. MILLER, for plaintiffs.

JOHN S. DAVIDSON, for defendant.